ELECTRONICALLY FILED - 2022 Jan 10 3:48 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ANDERSON<br><br>Michael A. Smith,<br><br>           Plaintiff,<br>v.<br><br>Marvin Evan Tipton and Underwood & Weld Co., Inc.,<br><br>           Defendants. | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL CIRCUIT<br><br>**SUMMONS**<br><br>2021-CP-04-_____<br><br>(Jury Trial Demanded) |

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber at this office at Post Office Box 35, Anderson, South Carolina, 29622, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff(s) in this action will apply to the Court for the said relief demanded in the Complaint.

TO INFANT(S) OVER FOURTEEN YEARS OF AGE (AN IMPRISONED PERSON):

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent you in this action within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

TO INFANT(S) UNDER FOURTEEN YEARS OF AGE (INCOMPETENT OR INSANE) AND TO, (GENERAL OR TESTAMENTARY GUARDIAN) (COMMITTEE) WITH WHOM (S)HE/(THEY) RESIDE(S):

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent said infant(s) under fourteen years of age (said incompetent or insane person) within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

|  |  |
|---|---|
| | s/ Larry A. Welborn_____<br>Larry A. Welborn, SC Bar # 12972<br>**HARBIN & BURNETT, LLP**<br>Post Office Box 35<br>Anderson, SC  29622<br>(864) 964-0333 |
| Anderson, South Carolina<br>January 10, 2022 | (864) 964-0930 Facsimile<br>*Attorney for Plaintiff* |

1

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ANDERSON<br><br>Michael A. Smith,<br><br>               Plaintiff,<br>v.<br><br>Marvin Evan Tipton and Underwood & Weld Co., Inc.<br><br>               Defendants. | IN THE COURT OF COMMON PLEAS<br>TENTH JUDICIAL CIRCUIT<br><br>**COMPLAINT**<br><br>2021-CP-04-_____<br><br>(Jury Trial Demanded) |

The Plaintiff, complaining of the Defendants herein, would respectfully show and allege unto the Court as follows:

### **PARTIES & JURISDICTION**

1. Plaintiff, Michael A. Smith (hereinafter "Mr. Smith"), is a citizen and resident of the County of Anderson, State of South Carolina.

2. Upon information and belief, at the time of the herein referenced motor vehicle collision, the Defendant, Marvin Evan Tipton, (hereinafter "Defendant Tipton"), was a citizen and resident of the County of Yancey, State of North Carolina.

3. Upon information and belief, at the time of the subject collision, the Defendant, Underwood & Weld Co., Inc. (hereinafter "Defendant Underwood & Weld Co."), was incorporated in the State of North Carolina and operated out of the County of Mitchell, State of North Carolina, and was operating in the State of South Carolina at the time of the incident.

4. The collision, which is the subject matter of the action, occurred in the County of Anderson, State of South Carolina. Accordingly, all parties, matters and things contained herein are within the jurisdiction of the Court and venue is proper in Anderson County.

### **FACTS**

5. The Plaintiff re-alleges and incorporates herein all of the relevant and consistent

2

allegations in Paragraphs 1 through 4 as fully as if repeated herein.

6. On February 25, 2019, at approximately 9:25 a.m., Mr. Smith was traveling south in a 2007 Peterbilt Truck and was stopped on SC-28 at the intersection withSEC-62 in Anderson County, South Carolina.

7. On the same date and at the same approximate time, the Defendant Marvin Evan Tipton, was also traveling south on SC-28 and approached Mr. Smith's vehicle from behind.

8. Defendant was traveling too fast for conditions and struck Mr. Smith's vehicle in the rear.

9. Upon information and belief, Defendant Underwood & Weld Co. owned and maintained the vehicle that Defendant Tipton was operating at the time of the above-described collision.

10. As a direct and proximate result of the above-described collision caused by the Defendant Tipton, Mr. Smith suffered painful injuries to his body and other damages.

**FIRST CAUSE OF ACTION**
**(NEGLIGENCE AS TO DEFENDANT TIPTON)**

11. The Plaintiff re-alleges and incorporates herein all of the relevant and consistent allegations in Paragraphs 1 through 10 as fully as if repeated herein.

12. Defendant Tipton owed duties to others on the roadway, including Mr. Smith, to act reasonably and use due care, to operate the motor vehicle in a proper and safe manner and to obey all applicable traffic laws when operating a motor vehicle at or around the time of the actions complained of herein. By committing the acts and/or omissions complained of herein, the Defendant Tipton breached those duties owed to Mr. Smith and he was injured and damaged as a proximate result thereof. The aforesaid collision and the resulting injuries to Mr. Smith were the direct and proximate result of, were due to and occasioned by, the negligence, gross negligence, recklessness, willfulness and wantonness of the Defendant Tipton in the following particulars, to wit:

ELECTRONICALLY FILED - 2022 Jan 10 3:48 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

3

a. In operating a motor vehicle too fast for conditions;

b. In failing to maintain proper control of a motor vehicle;

c. In failing to yield the right of way to the vehicle in which Mr. Smith was driving;

d. In failing to devote his full attention to the street he was traveling on and to the operation of said motor vehicle, when he knew, or should have known, that a failure to do so would result in damage to others upon said roadway, and more particularly to Mr. Smith;

e. In failing to bring his motor vehicle to a stop when it was apparent that failing to do so would result in a collision;

f. In failing to maintain a proper lookout;

g. In failing to ensure and inspect that the brakes were working properly, and if properly working, in failing to utilize same to avoid the collision;

h. In operating said motor vehicle in a highly improper manner in the view of the circumstances then and there existing;

i. In failing to swerve, or change the course of said motor vehicle, when it was apparent, or should have been apparent by the exercise of due care, that a catastrophe was inevitable;

j. In failing to inspect and familiarize himself with said motor vehicle to ensure that he could operate it in a safe and reasonable manner;

k. In failing to ensure that the motor vehicle was properly maintained in a manner to allow the safe operation thereof; and, if so maintained in failing to operate the motor vehicle in a prudent manner;

l. In failing to exercise the reasonable degree of care which a reasonable and prudent person would exercise under the same or similar circumstances;

m. In driving said motor vehicle in violation of the statutes, laws and regulations of the State of South Carolina; and

ELECTRONICALLY FILED - 2022 Jan 10 3:48 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

n.  By committing such other negligent, grossly negligent, reckless, willful and wanton acts and/or omissions which will be proven at trial.

13. All of the above acts and omissions are negligent, grossly negligent, reckless, willful and wanton, and in direct violation of the statutory and common laws of the State of South Carolina and the Rules and Regulations promulgated by the South Carolina Department of Highways and Public Transportation. By committing all of the above negligent, grossly negligent, reckless, willful and wanton acts and omissions, Defendant Tipton did breach his duties owed to Mr. Smith.

14. As a direct and proximate result of the above described negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Tipton, as described herein, Mr. Smith suffered painful injuries and other damages.

15. As a direct and proximate result of the above described negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Tipton, as described herein, Mr. Smith is entitled to recover actual and compensatory damages from Defendant Tipton in an amount to be proven at trial.

16. As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Tipton, as described herein, Mr. Smith is entitled to recover punitive and exemplary damages from Defendant Tipton in an amount to be proven at trial.

**SECOND CAUSE OF ACTION**
**(GROSS NEGLIGENCE AS TO DEFENDANT TIPTON)**

17. The Plaintiff re-alleges and incorporates herein all of the relevant and consistent allegations in Paragraphs 1 through 16 as fully as if repeated herein.

18. The acts and omissions of Defendant Tipton, including but not limited to those outlined in Paragraph 12 of the Complaint, amount to gross negligence, recklessness, and a willful and wanton disregard for the safety and well-being of Mr. Smith. Defendant Tipton breached

duties owed to Mr. Smith by committing said grossly negligent, reckless, willful and wanton acts and or omissions.

19. As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Tipton, as described herein, Mr. Smith suffered painful injuries and other damages.

20. As a direct and proximate result of the above described negligent, grossly negligent, reckless, willful and wanton acts and omissions of the Defendant Tipton, as described herein, Mr. Smith is entitled to recover actual and compensatory damages from Defendant Tipton in an amount to be proven at trial.

21. As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Tipton, as described herein, Mr. Smith is entitled to recover punitive and exemplary damages from Defendant Tipton in an amount to be proven at trial.

### THIRD CAUSE OF ACTION
### (NEGLIGENCE *PER SE* AS TO DEFENDANT TIPTON)

22. The Plaintiff re-alleges and incorporates herein all of the relevant and consistent allegations in Paragraphs 1 through 21 as fully as if repeated herein.

23. All of the acts and omissions committed by the Defendant Tipton, as outlined in Paragraph 12 of this Complaint, are in direct violation of the statutory and common laws of the State of South Carolina and the Rules and Regulations promulgated by the South Carolina Department of Highways and Public Transportation and by the United States. Defendant Tipton breached duties owed to Mr. Smith when he negligently, grossly negligently, recklessly, willfully and wantonly violated the aforementioned laws, rules and regulations by committing the acts and omissions outlined in Paragraph 12 of this Complaint; and, therefore, Defendant Tipton is liable for negligence *per se*.

24. These aforementioned laws, rules and regulations are designed to prevent injury

ELECTRONICALLY FILED - 2022 Jan 10 3:48 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

to a class of persons to which Mr. Smith belongs. The violations committed by Defendant Tipton, as outlined herein, were the direct and proximate cause of Mr. Smith's painful injuries and other damages.

25.     As a direct and proximate result of the above acts of negligence *per se* of Defendant Tipton, as described herein, Mr. Smith is entitled to recover actual and compensatory damages from the Defendant Tipton in an amount to be proven at trial.

26.     As a direct and proximate result of the above acts of negligence *per se* of Defendant Tipton, as described herein, Mr. Smith is entitled to recover punitive and exemplary damages from the Defendant Tipton in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### (NEGLIGENCE AS TO DEFENDANT UNDERWOOD & WELD CO.)

27.     The Plaintiff re-alleges and incorporates herein all of the relevant and consistent allegations in Paragraphs 1 through 26 as fully as if repeated herein.

28.     Defendant Underwood & Weld Co. had a duty to individuals on the roadways to act reasonably and use due care when entrusting their vehicle to Defendant Tipton, at or around the time of the actions complained of herein.  By committing the acts and/or omissions complained of below, Defendant Underwood & Weld Co. breached those duties to others, specifically to Mr. Smith, and he suffered painful injuries and other damages as a result thereof.

29.     The aforesaid collision and the resulting injuries and other damages to Mr. Smith were the direct and proximate result of, were due to and occasioned by the negligence, gross negligence, recklessness, willfulness, and wantonness of Defendant Underwood & Weld Co. in the following particulars, to-wit:

   a. In entrusting their vehicle to a driver they knew, or should have known, was not a fit, competent and safe driver;

   b. In failing to ascertain whether Defendant Tipton was physically and mentally capable of operating a motor vehicle;

ELECTRONICALLY FILED - 2022 Jan 10 3:48 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

ELECTRONICALLY FILED - 2022 Jan 10 3:48 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

  c. In failing to use due care in entrusting the vehicle to Defendant Tipton; and

  d. By other such further negligent and grossly negligent acts to be demonstrated at trial.

30. As a direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness of Defendant Underwood & Weld Co., as described herein, Mr. Smith suffered painful injuries and other damages.

31. As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Underwood & Weld Co., as described herein, Mr. Smith is entitled to recover actual and compensatory damages from the Defendant Underwood & Weld Co. in an amount to be proven at trial.

32. As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Underwood & Weld Co., as described herein, Mr. Smith is entitled to recover punitive and exemplary damages from the Defendant Underwood & Weld Co. in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
### (GROSS NEGLIGENCE AS TO DEFENDANT UNDERWOOD & WELD CO.)

33. The Plaintiff re-alleges and incorporates herein all of the relevant and consistent allegations in Paragraphs 1 through 32 as fully as if repeated herein.

34. During all times material to the claims herein, Defendant Transportation's acts and/or omissions, including but not limited to those as described in Paragraph 29 of this Complaint, amounted to gross negligence, recklessness and a willful and wanton disregard for the safety and well-being of Mr. Smith.

35. As a direct and proximate result of negligent, grossly negligent, reckless, willful and wanton acts and omissions of the Defendant Underwood & Weld Co., as described herein, Mr. Smith suffered painful injuries and other damages.

36. As a direct and proximate result of the negligent, grossly negligent, reckless, willful

and wanton acts and omissions of Defendant Underwood & Weld Co., as described herein, Mr. Smith is entitled to recover actual and compensatory damages from the Defendant Underwood & Weld Co. in an amount to be proven at trial.

37.    As a direct and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Underwood & Weld Co., as described herein, Mr. Smith is entitled to recover punitive and exemplary damages from the Defendant Underwood & Weld Co. in an amount to be proven at trial.

## **DAMAGES**

38.    Plaintiff re-alleges and incorporates herein all of the relevant and consistent allegations in Paragraphs 1 through 37 as fully as if repeated herein.

39.    As a direct and proximate result of the negligent, grossly negligent, negligent *per se*, reckless, willful and wanton, acts and omissions of the Defendants, as described herein, Mr. Smith suffered painful injuries and other damages.

40.    As a direct and proximate result of the negligent, grossly negligent, negligent *per se*, reckless, willful and wanton acts and omissions of the Defendants, as described herein, Mr. Smith has incurred the following:

  a.   Bodily injuries;

  b.   Past and present physical pain and suffering;

  c.   Past and present mental and emotional stress;

  d.   Past and present medical and hospital expenses;

  e.   Prescriptions and medicines made necessary due to injuries;

  f.   Loss of enjoyment of life;

  g.   Pecuniary loss;

  h.   Future medical expenses and medical care which are reasonably certain to occur;

  i.   Future prescriptions and medicines made necessary due to injuries which

ELECTRONICALLY FILED - 2022 Jan 10 3:48 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

ELECTRONICALLY FILED - 2022 Jan 10 3:48 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

        are reasonably certain to occur;

  j.    Future physical pain and suffering which is reasonably certain to occur;

  k.    Future mental and emotional stress which is reasonably certain to occur;

  l.    Future loss of enjoyment of life which is reasonably certain to occur;

  m.    Future pecuniary loss which is reasonably certain to occur;

  n.    Property damages,

  o.    Such other injuries and damages as will be shown at trial; and

  p.    Punitive damages.

41. As a direct and proximate result of the negligent, grossly negligent, negligent *per se*, reckless, willful and wanton acts and omissions of the Defendants, as described herein, Mr. Smith is entitled to recover actual, compensatory, punitive and exemplary damages from the Defendants in an amount to be proven at a trial of this matter.

## **PUNITIVE DAMAGES**

42. Plaintiff re-alleges and incorporates herein all of the relevant and consistent allegations in Paragraphs 1 through 41 as fully as if repeated herein.

43. The acts and omissions of the Defendants, as stated above, were grossly negligent, willful, wanton, and in reckless disregard for the safety and well-being of Mr. Smith

44. As a direct and proximate result of the grossly negligent, willful, wanton and reckless acts and omissions of the Defendants, Mr. Smith suffered painful injuries and other damages.

45. The conduct of the Defendants, as set forth above, justifies punitive and exemplary damages for each and every claim of Mr. Smith as set forth herein.

**WHEREFORE,** Plaintiff demands a trial by jury pursuant to Rule 38(b) of the South Carolina Rules of Civil Procedure (SCRCP), and prays for judgment against the Defendants, for actual and

ELECTRONICALLY FILED - 2022 Jan 10 3:48 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

compensatory, exemplary and punitive damages in an amount to be determined by the jury, for the costs of this action, and for such other and further relief as this court may deem just and proper.

s/ Larry A. Welborn
Larry A. Welborn, S.C. Bar # 12972
**HARBIN & BURNETT, LLP**
2124 Hwy 81 North (29621)
P.O. Box 35
Anderson, South Carolina 29622
(864) 964-0333 - Telephone
(864) 964-0930 - Facsimile
*Attorney for the Plaintiff*

Anderson, South Carolina
January 10, 2022

ELECTRONICALLY FILED - 2022 Jan 31 2:33 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

STATE OF SOUTH CAROLINA

COUNTY OF ANDERSON

C.A. NO. 2022-CP-04-0048

Michael A. Smith,

AFFIDAVIT OF SERVICE

      Plaintiff,

v.

Marvin Evan Tipton and Underwood & Weld Co., Inc.,

      Defendants.

  The undersigned hereby certifies that I, Cheyenne Frederick, as an employee of Harbin & Burnett, L.L.P., Attorneys for the Plaintiff, served Underwood & Weld, Co., Inc. in the above captioned matter by mailing the Registered Agent, Badger Underwood, two (2) copies of the Summons and Complaint filed in the above captioned matter via Certified US Mail - Return Receipt Requested on January 12, 2022 at the following address:

Badger Underwood
199 Tank Trail
Spruce Pine, NC 28777

  On the 28th day of January, 2022, I received the Return Receipt Card signed by M. Hornley on January 14, 2022.

              I am not a party to the proceeding.

              _____
              AFFIANT

SWORN to before me this 31
day of January, 2022

_____
Notary Public for South Carolina
My Commission Expires: 3/4/24

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _M. Horney_  ☐ Agent  ☐ Addressee<br>B. Received by *(Printed Name)*  J. Cannon   C. Date of Delivery 1-14-2 |
| 1. Article Addressed to:<br>Badger Underwood<br>199 Tank Trail<br>Spruce Pine, NC 28777 | D. Is delivery address different from item 1? ☑ Yes<br>If YES, enter delivery address below: ☐ No |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 6125 0209 5222 33 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☒ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ ...Mail<br>☐ ...Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☒ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number *(Transfer from service label)*<br>7020 2450 0001 6578 9527 | |

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

ELECTRONICALLY FILED - 2022 Jan 31 2:33 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048



USPS TRACKING #

9590 9402 6125 0209 5222 33

GREENVILLE SC 296
JAN 2022 PM 1 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•



RECEIVED JAN 28 2022 By ____

...Burnett, L.L.P.
...ox 35
...29622-0035

C/E/M. Smith



## S. C. DEPARTMENT OF
## MOTOR VEHICLES
OFFICE OF GENERAL COUNSEL
*P.O. Box 1498, Blythewood, S.C. 29016: (803) 896-9900, Fax :( 803) 896-9901*



January 19, 2022                           **USPS Tracking # 7021 0950 0000 9497 2601**

Marvin Evan Tipton
205 Rattler Hill Drive
Burnsville, N 28714

Re:   *Michael A. Smith v. Marvin Evan Tipton and Underwood & Weld Co., Inc*
      Case No.: 2022-CP-04-00048, DMV 22-24

Dear Sir/Madam:

In accordance with the provisions of Section 15-9-350 or 15-9-360 of the Code of Laws of South Carolina (1976), this office has received the enclosed **Summons and Complaint** in the above-referenced action. Under South Carolina law, this has the same legal effect as if you had been served with these documents personally.

Section 15-9-350 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident of the rights and privileges conferred by the laws in force in this State permitting the operation of motor vehicles, as evidenced by the operation of a motor vehicle by such nonresident on the public highways, the streets of any incorporated municipality or the public roads of this State or anywhere within this State, or the operation by such nonresident of a motor vehicle on any such public highways, streets, or public roads or anywhere within this State other than as so permitted or regulated shall be deemed equivalent to the appointment by such nonresident of the Director of the Department of Motor Vehicles or of his successor in office to be his true and lawful attorney upon whom may be served all summons or other lawful process in any action or proceeding against him growing out of any accident or collision in which such nonresident may be involved by reason of the operation by him, for him or under his control or direction, express or implied, of a motor vehicle on such public highways, Streets, or public roads or anywhere within this State. Such acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served on him personally."

Section 15-9-360 of the 1976 Code of Laws of South Carolina, as amended, provides that:

> "The acceptance by a nonresident motor carrier of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a motor vehicle by such nonresident either personally or through an agent or employee on the public highways in this State, or the operation of such nonresident either personally or through an agent, lessee, or employee, of a motor vehicle on the public highways

ELECTRONICALLY FILED - 2022 Jan 31 2:35 PM - ANDERSON - COMMON PLEAS - CASE#2022CP0400048

of this State other than as so permitted or regulated, shall be deemed equivalent to the appointment by such nonresident motor carrier of the Director of the Department of Motor Vehicles, or his successor in office, to be his true and lawful attorney and the attorney of his executor or administrator, upon whom may be served all summonses or other lawful process or notice in any action, assessment proceeding, or other proceeding against him or his executor or administrator, arising out of or by reason of any provisions in Chapter 31 of Title 12 relating to such vehicle or relating to the liability for tax with respect to operation of such vehicle on the highways of this State. Acceptance or operation shall be a signification by such nonresident motor carrier of his agreement that any such process against or notice to him or his executor or administrator shall be of the same legal force and validity as if served on him personally or on his executor or administrator. All of the provisions of Sections 15-9-370, 15-9-380, and 15-9-350 shall be applicable with respect to the service of process or notice pursuant to this section."

Sincerely,

Natasha Thomas, Paralegal
Office of General Counsel
For: Director, South Carolina Department of Motor Vehicles

Enclosure

cc:   Larry A. Welborn, Esquire
      P.O. Box 35
      Anderson, SC 29622